IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                                                                               CR. No. 17-1550 JCH

PATRICIO HERNANDEZ-LOPEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's pro se *Motion for a Reduction of Sentence Pursuant to the Recent Changes Made by the United States Sentencing Commission to Title 28 Section S 944(u) and Title 18 U.S.C. 3582(c)(2), Which Reduces the Criminal History Points of Sentenced Individuals, and Was Made Retroactive by the Sentencing Commission on _____* [Doc. 170], filed November 13, 2023. The Federal Public Defender has declined to file a motion on behalf of the Defendant [Doc. 172], and on February 23, 2024, the government filed its response [Doc. 173]. For the reasons stated herein, the Court will deny the motion.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*. 560 U.S. 817, 824 (2010) (quoting § 3582(c)(2)). When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended

provision. However, ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012).

Prior to November 1, 2023, the United States Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines § 4A1.1(d)(pre-amendment). Beginning November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e). Under Part B of Amendment 821, § 4A1.1(c) now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. The Commission determined that the above changes should apply retroactively.

## DISCUSSION

After reviewing the motion, the response, and the record, the Court concludes that Defendant is ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). First, Defendant did not receive any status points because he was not under a criminal justice sentence when he committed the offense for which he was convicted in this case. Accordingly, he does not qualify for a reduction in sentence under Part A of Amendment 821. Second, Defendant was not a zero-point offender. At sentencing Defendant had previous convictions, which resulted in two criminal history points and a criminal history category of II from Chapter Four, Part A, of the

Guidelines. Therefore, he does not qualify for a reduction in sentence under Part B of Amendment 821.

Even if Defendant were eligible for a reduction in his sentence, he still would not be entitled to relief. With a total offense level of 33 and a criminal history category of II, the guideline imprisonment range was 151 to 188 months. Presentence Investigation Report, Doc. 122 at ¶ 66. The Court imposed a sentence of 121 months of imprisonment, below the bottom of the guideline range. [Doc. 159]. As previously noted, Defendant received no status points. However, even if the Court were to grant relief under Part A and Defendant's criminal history category were reduced to I with a total offense level of 33, the adjusted guideline range would be 135 to 168 months. Defendant's current sentence is below that range. Similarly, if the Court granted relief under Part B, Defendant's total offense level would be reduced to 31, the adjusted guideline range would be 121 to 151 months. The Defendant's sentence is right at the bottom of that range. Under the Sentencing Guidelines, a defendant's sentence cannot be reduced if—when applied—the amended sentence "does not have the effect of lowering the defendant's applicable guideline range." U.S. Sent'g Guidelines § 1B1.10(a)(2)(B).

Accordingly, the motion is without merit and will be denied.

**IT IS THEREFORE ORDERED** that Defendant's pro se *Motion for a Reduction of Sentence Pursuant to the Recent Changes Made by the United States Sentencing Commission to Title 28 Section S 944(u) and Title 18 U.S.C. 3582(c)(2), Which Reduces the Criminal History Points of Sentenced Individuals, and Was Made Retroactive by the Sentencing Commission on _____* [Doc. 170] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**